In re Joseph F. HOLMES, Donna G. Holmes, Debtor.

Joseph HOLMES and Donna Holmes, Plaintiffs,

v.

Dusan MILLS, Patrick Kuleto, Frederick A. Baker, Jr., John Walsham, Ian Baird, Frances Campra, and Donald McLaren, Defendants.

No. C–83–0381–MHP.

United States District Court, N.D. California.

July 7, 1983.

Christopher G. Costin, Misuraca, Beyers & Costin, Santa Rosa, Cal., for plaintiff.

Thomas F. Hyde, San Francisco, Cal., for John G. Walsham.

Duane W. Dresser, San Francisco, Cal., for Ian & Penelope Baird.

John Patrick Schotte, Mill Valley, Cal., for Frederick A. Baker and Dusan Mills.

Stewart H. Foreman, Shartsis, Friese & Ginsburg, San Francisco, Cal., for Frances Campra & Robert Brantley.

## OPINION

PATEL, District Judge.

Plaintiffs Joseph and Donna Holmes, debtors in the underlying Chapter 11 proceeding and shareholders in the Palace Hotel Holding Corporation, seek relief against the moving defendants, other shareholders, based on state law claims of breach of contract and fraud arising from a real estate investment involving the Palace Hotel Holding Corporation. The action, alleging jurisdiction under 28 U.S.C. § 1471, was filed in bankruptcy court on December 9, 1982, together with a jury demand. Defendants moved to dismiss for lack of subject matter jurisdiction. In accordance with General Order No. 24 § d(1)(D), which prohibits bankruptcy judges from conducting jury trials and provides for transfer of such matters to the district court, the parties transferred the action to this court.

Defendants now renew their motion to dismiss for lack of jurisdiction. They argue that the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), invalidated § 1471's grant of jurisdiction to the District Courts as well as the bankruptcy courts over "related" state law claims. § 1471 provides in relevant part:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts. (Emphasis added)

For the reasons stated below, the court concludes that *Marathon* did not deprive this court of jurisdiction, and that jurisdiction remains in this court under § 1471(a) and (b) and General Order No. 24 adopted thereunder.

The Supreme Court's decision in *Marathon* arose out of the important changes made in the procedural law of bankruptcy by the Bankruptcy Act of 1978, Pub.L. 95–598, 92 Stat. 2549. The Act replaced the old "referee" system with a United States Bankruptcy Court invested with broader jurisdiction than under the old system. *Marathon*, 102 S.Ct. at 2862–63. The Act did not endow the new bankruptcy judges with the protection accorded Article III judges, but instead provided for 14 year terms, removal for "incompetence, misconduct, neglect of duty or physical or mental disability," and salary adjustments. *Id.* at 2862. Northern Pipeline, which had filed the underlying petition for reorganization under title 11, invoked § 1471 jurisdiction to sue Marathon in the bankruptcy court on state law claims. Marathon sought dismissal of the suit on the ground that the Act unconstitutionally conferred Article III jurisdiction upon judges lacking the life tenure and salary protections of Article III judges. The Supreme Court agreed, but failed to produce an opinion supported by a majority of justices. Accordingly, this court must carefully parse the decision to ascertain the scope of the holding.

The plurality of four justices, per Justice Brennan, held that the Bankruptcy Act improperly vested the Article III judicial power of the United States in Article I courts. However, the plurality did not delineate the scope of its holding with respect to the validity of the jurisdictional grant in § 1471 except in a cryptic footnote. *Id.* at 2880 n. 40. The footnote addresses two separate issues, of which only the second is before this court today. First, noting that "at the least" a majority of the Court agreed that the new bankruptcy judges could not decide the state-law contract claim against Marathon, the plurality stated that the balance of the jurisdictional grant to the *bankruptcy courts* over other types of claims was not severable. *Id.* Second, the plurality indicated without squarely ruling that the jur-

isdictional grant to the *District Courts* under § 1471(a) and (b) was not severable from the grant to the new bankruptcy courts under § 1471(c). It stated that the question was for Congress, not the Court, and rejected the Chief Justice's assumption that Congress would prefer to route "related" state law claims to the District Courts. *Id.* at 2880 n. 40; 2882 (Burger, C.J., dissenting).

The two concurring Justices, Justices Rehnquist and O'Connor, however, took a narrower view of the scope of the holding both as to the validity of the grant of jurisdiction to bankruptcy courts and, more importantly for this case, the question of severability. They agreed only that Congress could not validly invest the bankruptcy courts with jurisdiction over Northern's state law contract claim against Marathon, and that the grant of jurisdiction over other types of claims to the *bankruptcy courts* was not severable. They did not address the grant to the *District Courts* of jurisdiction over state law claims, although on its facts *Marathon* involved such claims. The concurrence stated only: "[b]ecause I agree with the plurality that the grant of authority is not readily severable from the remaining grant of authority to bankruptcy courts under § 241(a), see *ante,* at 2880 n. 40, I concur in the judgment." *Id.* at 2882.[1]

The plurality was dependent upon the concurrence to achieve a majority in *Marathon.* Therefore, the concurrence limits the Court's holding to invalidation of the grant of jurisdiction to Article I judges of Article III jurisdiction over state law contract claims such as the one before this court, and consequent invalidation of the entire grant of jurisdiction to bankruptcy courts as non-severable. Nowhere in the opinion did the Justices question the authority of Congress to grant the District Courts jurisdiction over state law claims related to bankruptcy proceedings. Indeed, the plurality assumes Congress has authority to confer jurisdiction on an Article III court. The only question pertinent to this inquiry left open, in

footnote 40, is the effect of the ruling on the comprehensive scheme of adjudication enacted by Congress in the 1978 Act. In particular, is the grant of jurisdiction to the District Courts in § 1471(a) and (b) severable from the grant of jurisdiction to the bankruptcy courts in § 1471(c) invalidated in *Marathon?* This turns on the difficult issue of congressional intent.

It may be argued as the *Marathon* plurality suggested, *Marathon* at 2880 n. 40, that the clear congressional purpose of ensuring adjudication of all claims related to a single bankruptcy proceeding in a single forum would be best served by invalidating the entire grant of jurisdiction in § 1471, leaving the parties to adjudicate related state law claims in state court. However, this approach would do more violence to Congress' intent to consolidate claims related to bankruptcy proceedings in one forum than would preserving District Courts' jurisdiction over related claims, as provided under General Order No. 24 of this court. Absent District Court jurisdiction, disputes related to the bankruptcy estate could and in some cases no doubt would be scattered over multiple forums in different states all over the United States.

By contrast, under General Order No. 24, the District Court maintains control over all claims arising under title 11 or arising in or related to cases under title 11, referring to bankruptcy judges only those matters not involving jury trials or otherwise restricted. Moreover, the District Court closely supervises all matters referred to the bankruptcy judges, in a manner akin to its use of magistrates and special masters. Thus, all claims relating to the bankruptcy proceedings remain consolidated in one forum, the district court, using the bankruptcy judges as adjuncts, in a manner faithful both to the congressional intent and the constitutional limits on Article I courts set forth in *Marathon.* Accordingly, this court concludes that the grant of jurisdiction to the District Courts in § 1471(a) and (b) is sever-

---

1. The entire grant of jurisdiction in § 1471, including subsections (a)–(c), was added by

§ 241(a) of Pub.L. 95–598, Title II, Nov. 6, 1978, 92 Stat. 2668.

able from the unconstitutional grant to the bankruptcy courts in § 1471(c).

Further support for this conclusion is provided by the decisions of all three courts of appeals which have considered the question, and one scholarly opinion by a four-judge district court, that the grant of jurisdiction to the District Courts under § 1471(a) and (b) survives *Marathon* intact. *White Motor Corp. v. Citibank, N.A.,* 704 F.2d 254 (6th Cir.1983); *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190 at 200–201 (3rd Cir.1983); *In the Matter of Braniff Airways, Inc.,* 700 F.2d 214 (5th Cir.1983), *aff'g,* 27 B.R. 231 (Bkrtcy.N.D.Tex.1983); *In re Color Craft Press, Ltd.,* 27 B.R. 962 (D.C.D.Utah 1983). These courts also upheld interim local rules virtually identical to the one adopted by this court as valid exercises of judicial authority. *See White Motor Corp.,* 704 F.2d at 261–63; *Coastal Steel* 709 F.2d at 200–201; *Braniff,* 27 B.R. at 236–37; *Color Craft,* at 965–66.

For the foregoing reasons, this court concludes that it has jurisdiction over this suit.

IT IS HEREBY ORDERED that defendant's motion to dismiss is DENIED.